# Philco Corp. v. Sunstein

*Henderson, Wetherill & O'Hey,* for plaintiff.

*DiGiacomo & Lowe,* for defendant.

DANNEHOWER, P. J., May 25, 1960.—We have before us for our decision motions for protective orders by plaintiff and defendant under Pa. R. C. P. 4012(*a*). Plaintiff's motion requests us to postpone the taking of depositions on oral examination of plaintiff's officers and employes until defendant's own deposition has been taken. It further asks us to require defendant to file a statement as to each Philco officer and employe sought to be examined setting forth the scope and purpose of such examination and the proposed order of taking such depositions. Defendant's petition asks that we order plaintiff not to take defendant's deposition until defendant has filed an answer to the complaint.

This controversy has its origin in a suit in equity begun by plaintiff Philco Corporation, hereinafter referred to as Philco, against David E. Sunstein to establish Philco's right to certain inventions made by Sunstein in the course of his employment with Philco between 1940 and March 31, 1955. Philco also claims money damages for loss of foreign patent rights in some of these inventions.

Plaintiff's suit was begun on December 9, 1959, by service of a summons in equity on defendant. On December 11, 1959, defendant Sunstein entered his

appearance through counsel and filed a rule on plaintiff to file a complaint. Forty days later, on January 18, 1960, following an agreement by defendant to extend the time for filing, plaintiff filed its complaint, consisting of 18 numbered paragraphs.

Simultaneously, plaintiff filed notice of its intention to take defendant's deposition on oral examination on February 1, 1960. No leave of court was required preparatory to the filing of this notice, because more than 20 days had elapsed since the commencement of suit: Pa. R. C. P. 4007(*b*). On January 29, 1960, defendant presented the petition for a protective order now at issue.

On the last mentioned date, defendant filed notice of his intention to take depositions of 31 officers, employes and former employes of plaintiff on February 4, 1960. Philco in turn filed its petition for a protective order responsive to this notice on February 1, 1960.

We have heard the arguments and studied the briefs of counsel, and this matter is now pending for decision.

Defendant argues that Philco's request for depositions does not meet the test of Pa. R. C. P. 4007(*a*), which states:

"Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the action and will substantially aid in the preparation of the pleadings or the preparation or trial of the case."

Defendant contends, first, that the requested depositions cannot aid plaintiff in the preparation of its pleadings because its complaint has already been filed, and, second, that this examination cannot aid in the preparation of the case because a responsive answer has not been filed. We do not agree.

We are impressed by the fact that the 1954 amendments to our discovery rules were intended to broaden the availability of these salutary procedural devices: Goodrich-Amram §4007(a)-16. Plaintiff contends that even though a complaint has been filed, it believes defendant has exclusively within his knowledge facts which may require amendment of this complaint and/or joinder of additional parties defendant. Though defendant calls this averment "specious", we cannot say that it is without foundation.

This is a case involving patents on devices and processes of undoubted complexity. The period with which this controversy must be concerned extends from 1940 to the present. During part of this period, from March 31, 1955, to the present, defendant was not in plaintiff's employ, and it is not unreasonable to assume plaintiff is without sufficient information of his activities during this recent period. Furthermore, it is during this recent period that plaintiff alleges the acts contrary to its rights and interests occurred. We are not impressed that the present size of plaintiff's complaint indicates it has full knowledge of all relevant facts.

Pa. R. C. P. 4007(a) is concerned with the preparation of the "pleadings," not of the original complaint alone. We view an amended complaint and a possible joinder of additional defendants as part of the pleadings in this cause.

Defendant has cited no Pennsylvania cases to us requiring a different result. We are not persuaded that because our cases permit plaintiff to take depositions prior to the filing of its complaint, it may under no circumstances give notice for taking them at another time prior to the filing of an answer. Furthermore, none of the cited cases deal with a fact situation of such latent complexity as the one before us.

We have found no cases settling this issue under our rules of practice. Decisions under the rules of civil procedure of the Federal courts cannot guide our result, because the language of F. R. C. P. 26 is much more permissive in this respect:

"Any party may take the testimony of any person, including a party, by deposition . . . *for the purpose of discovery or for use as evidence in the action or for both purposes.*" (Italics supplied.)

There can be no doubt that plaintiff's requested depositions would meet this test. See Keller-Dorian Colorfilm Corporation v. Eastman Kodak Co., 9 F. R. D. 432 (S. D. N. Y., 1949). Nevertheless, we refuse defendant Sunstein's motion for a protective order barring the taking of his deposition at this time.

It has been argued by plaintiff in support of its petition for a protective order that the depositions of defendant should be held before those requested by defendant. Philco bases this contention on the priority of its notice to defendant of intention to take depositions.

Pa. R. C. P. 4007 sets out no mandatory sequence in which depositions shall be taken. In Rush v. Butler Fair and Agricultural Association, 7 D. & C. 2d 135 (1956), plaintiffs argued that their having obtained leave of court to take depositions of three witnesses prior to defendants' notice to take depositions of plaintiffs entitled the latter to priority. The court disagreed, saying at page 136:

"We find no merit in this contention for the reason that the witnesses to be examined are in the two proceedings different persons and it is immaterial which party's depositions are taken first."

We have found no other Pennsylvania authority on this question.

We feel that orderly procedure requires the adop-

tion of some standard of priority, however flexible. It is the practice in the Federal courts, under language identical to Pa. R. C. P. 4007 (c), to permit depositions to proceed in the order in which they are demanded (Keller-Dorian Colorfilm Corporation v. Eastman Kodak Co., supra), unless good reason is shown for a different order: Goodrich-Amram §4007 (c)-6.

We adopt this flexible rule. If, before or during the course of the taking of his deposition, defendant finds himself prejudiced thereby, this court has power under 4007 (c) to enlarge or shorten the time provided, under 4011 to limit the scope of discovery and under 4012 to issue appropriate protective orders.

Plaintiff may take depositions of defendant prior to defendant's depositions of Philco officers and employes.

Plaintiff has also moved in its petition for a protective order that the court require a statement of the scope and purpose of the examination of each of the 31 Philco officers and employes sought to be examined, and a schedule of the proposed order of taking these depositions. Since defendant has agreed to examine these persons in the order named in his notice, one at a time, at the Philco main office, we need not consider further the latter request of plaintiff's petition.

As to the request for a statement of purpose and scope of the examination, we note first that our county rules of procedure do not require this preliminary step, although Pa. R. C. P. 4007 (d) (1) authorizes such a local rule. In the absence of such a local rule, we decline to impose this requirement in the absence of a clear case of hardship.

Plaintiff has not shown such hardship. Defendant's concessions, referred to above, remove the difficulties imposed by the large number of persons to be examined. In addition, five of the proposed deponents are

no longer employed by Philco; their present whereabouts and establishment of a time and place to examine them must be determined by defendant, not plaintiff. Another of the proposed deponents is employed in California, and plaintiff can protect itself by motion under Pa. R. C. P. 4008. This it has not done.

With reference to the remaining 25 prospective deponents, plaintiff is amply protected by its right under Pa. R. C. P. 4012(*b*) to halt or to limit the scope and manner of taking the depositions.

We refuse the portion of plaintiff's motion for a protective order requiring defendant to file a statement showing the scope and purpose of the examination of each prospective Philco deponent.

And now, May 25th, 1960, following argument, defendant Sunstein's motion for a protective order under Pa. R. C. P. 4012(*a*) is overruled; paragraph 4 of plaintiff Philco's motion for a protective order under Pa. R. C. P. 4012(*a*) is granted; paragraph 5 of plaintiff Philco's motion for a protective order under Pa. R. C. P. 4012(a) is overruled. An exception is allowed.